UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JEFFERY J. DORMU**                                  :
1210 Crittenden Street,NW                             :
Washington, DC 20011                                  :
                                                      :
                                                      :
        Plaintiff,                                    :
                                                      :
        v.                                            :
                                                      :
**DISTRICT OF COLUMBIA,**                             :
a Municipal Corporation                               :
1350 Pennsylvania Avenue, NW                          :
Washington, DC 20004                                  :
                                                      :
*Serve:*                                              :
Peter Nickles, Interim Attorney General               :
c/o Darlene Fields, Gale Rivers, or Tonia             :
Robinson                                              :
Office of the Attorney General for the                :
District of Columbia                                  :
441 4th Street, NW                               :
6th Floor South                                  :
Washington, DC 20001                                  :
                                                      :       :
and                                                   :
                                                      :
Mayor Adrian Fenty                                    :
c/o Erica Easter, Tabatha Braxton, or                 :
Arlethia Thompson                                     :
John A. Wilson Building                               :
Suite 419                                             :
1350 Pennsylvania Ave. NW                             :
Washington, DC 20004                                  :
                                                      :
and                                                   :
                                                      :
**SCOTT S. PINTO**                                    :
c/o Metropolitan Police Dept.                         :
6001 Georgia Ave., NW                                 :
Washington, DC 20011                                  :
                                                      :

| | |
|---|---|
| and | : |
| | : |
| **MAURICE C. CLIFFORD** | : |
| c/o Metropolitan Police Dept | : |
| 6001 Georgia Ave., NW | : |
| Washington, DC 20011 | : |
| | : |
| And | : |
| | : |
| **JEFFERY P. JANCZYK** | : |
| c/o Metropolitan Police Dept | : |
| 6001 Georgia Ave., NW | : |
| Washington, DC 20011 | : |
| | : |
| and | : |
| | : |
| **Officer KYLE** | : |
| c/o Metropolitan Police Dept | : |
| 6001 Georgia Ave., NW | : |
| Washington, DC 20011 | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

(*Assault and Battery; False Arrest; False Imprisonment; Excessive Force;  
Malicious Prosecution; Abuse of Process;  
Intentional Infliction of Emotional Distress; Negligence; Negligent Supervision, Hiring and  
Training; Violations of 42 USC 1983)*

1. This Court has jurisdiction of this case, in accordance with 42 USC 1983 and by virtue of 28 U.SC. 1367, supplemental jurisdiction.

2. All acts relevant to the complaint occurred in the District of Columbia.

3. At all times relevant to this complaint, defendant, District of Columbia, is a municipal corporation that operates the District of Columbia Metropolitan Police Department ["MPD"].

4. At all times relevant to this complaint, defendants Pinto, Clifford, Janczyk, and Kyle have been agents of defendant, District of Columbia, employed by as MPD police officers.

5. On or about February 23, 2007, plaintiff, an Afro-American male, was lawfully seated in his automobile, which was parked in front of his family's house at 1210 Crittenden Street, NW in the District of Columbia. At the above time and place, defendants Officers Pinto, Clifford, Janczyk, and Kyle and/or other police officers, acting under color of law within their scope of employment as officers of the MPD, approached the vehicle, and did without reasonable provocation, insult plaintiff with inflammatory and offensive racial insults, threaten him, arrest him, handcuff him, engage in the use of excessive force directed towards him, take him into custody, bring criminal charges against him, require him to post collateral; and thereafter actively pursue criminal charges against him, requiring him to stand trial in order to clear his good name and avoid incarceration or other sanctions.

6. Defendants Pinto, Janczyk, Clifford and Kyle lacked probable cause, articulable suspicion of a crime, or any other legitimate basis for an arrest of the plaintiff, and failed to act in good faith in connection with their actions directed to and concerning the plaintiff.

7. Defendant, District of Columbia, is liable for the aforementioned acts of its employees under the theory of respondeat superior.

Count I

(Assault and battery)

8. Plaintiff incorporates by reference the allegations set out above.

9.  In committing the acts noted above, some or all of the police officers referenced above committed unjustified, unprovoked and intentional assaults and batteries on the plaintiff, in

connection with detaining him, handcuffing him and otherwise engaging in offensive contact of the plaintiff. Defendants performed these acts with malice and in bad faith.

## Count II

(False Arrest)

10. Plaintiff incorporates by reference the allegations set out above.

11. In committing the acts noted above, some or all of the police officers referenced above falsely arrested plaintiff and deprived him of his liberty, although probable cause or other proper justification for the arrest was lacking.

## Count III

(False Imprisonment)

12. Plaintiff incorporates by reference the allegations set out above

13. In committing the acts noted above, defendants detained and falsely imprisoned plaintiff both at the scene of his arrest, and thereafter in transporting plaintiff to the police station and then locking him up for several hours, thereby depriving him of his liberty without justification. Defendants performed these intentional acts with malice and in bad faith.

## Count IV

(Excessive Force)

14. Plaintiff incorporates by reference the allegations set out above.

15. In arresting and taking plaintiff into custody, particularly in connection with the handcuffing of plaintiff, the defendant police officers exercised excessive force, such that the plaintiff sustained injury that required surgery and that continues and will continue unto the

future to harm and injure the plaintiff. Defendants performed these acts with malice and in bad faith.

## Count V

### (Malicious Prosecution)

16. Plaintiff incorporates by reference the allegations set out above.

17. As a direct result of the acts described above, and other willful actions of the defendants, criminal charges were brought against plaintiff in the Superior Court of the District of Columbia. Plaintiff therefore stood trial, eventually being found not guilty of all charges. In initiating and maintaining criminal proceedings against plaintiff, including testifying against plaintiff, notwithstanding lack of probable cause, with malice, in bad faith, and in light of the termination of said proceedings in favor of plaintiff, defendants engaged in the malicious prosecution of plaintiff.

## Count VI

### (Abuse of Process)

18. Plaintiff incorporates by reference the allegations set out above.

19. In making unwarranted use of process in the continuance of criminal proceedings against plaintiff, with improper motive and/or purpose, and causing damages to plaintiff, defendant engaged in abuse of process against plaintiff.

## Count VII

### (Intentional infliction of emotional distress)

20. Plaintiff incorporates by reference the allegations set out above.

21. In committed the acts noted above, the defendants Pinto, Janczyk, Clifford and Kyle and/or other police officers employed by MPD, recklessly and/or intentionally, and with extreme and outrageous conduct, inflicted emotional distress on plaintiff.

### Count VIII

(Negligence)

22. Plaintiff incorporates by reference the allegations set out above.

23. Pleading in the alternative, plaintiff alleges that the actions of defendants Pinto, Janczyk, Clifford and Kyle and/or other police officers employed by the MPD were performed negligently, not in accordance with the appropriate standard of care, all of which resulted in injury to the plaintiff. This includes, but is not limited to, the negligent arrest of plaintiff, the negligent taking him into custody, the negligent application of handcuffs and other negligent acts, all of which resulted in injury the plaintiff.

### Count IX

(Negligent Hiring, Retention and supervision)

24. Plaintiff incorporates by reference the allegations set out above.

25. Defendant District of Columbia, hired and /or retained officers Pinto, Janczyk, Clifford and Kyle and/or other police officers employed by MPD, despite actual and/or constructive knowledge of incompetence or other behavior posing an unreasonable threat to members of the public. In light of said negligent hiring, retention and/or supervision, plaintiff suffered harm.

### Count X

(Civil Rights Violations; 42 USC 1983)

26. Plaintiff incorporates by reference the allegations set out above.

27. Defendants Pinto, Janczyk, Clifford and Kyle, acting under color of law, falsely arrested plaintiff, utilized excessive force in arresting and otherwise dealing with plaintiff, and otherwise deprived him of his rights, privileges and immunities guaranteed to him as a citizen of the United States of America in violation of 42 USC 1983 and deprived the plaintiff of the rights guaranteed to him by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution

**WHEREFORE**, plaintiff Jeffery J. Dormu demands judgment against defendants, jointly and severally, in the amount of five million dollars ($5,000,000.00), compensatory damages, plus interest, attorneys fees under 42 U.S.C. 1988 and costs; and the amount of three million dollars ($3,000,000.00) punitive damages against defendants, jointly and severally, plus interest, attorneys fees under 42 U.S.C. 1988 and costs.

Respectfully submitted,

_____
Kenneth M. Trombly, #199547
1050 17th Street, N.W., Suite 1250
Washington, D. C.  20036
kmt@schulttrombly.com
(202) 887-5000

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

                                                      _____
                                                      Kenneth M. Trombly

Case 1:08-cv-00309-HHK    Document 1-2    Filed 02/22/2008    Page 1 of 2



08-309
HHK

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
Jeffery Dormu
11001

**DEFENDANTS**
District of Columbia, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DC
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE DISTRICT OF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Kenneth M. Trombly
1050 17th Street, NW
Suite 1250
Washington, DC 20036
Telephone: (202) 887-5000

Case: 1:08-cv-00309
Assigned To : Kennedy, Henry H.
Assign. Date : 2/22/2008
Description: Civil Rights-Non-Employ.

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**A. Antitrust**
- 410 Antitrust

**B. Personal Injury/ Malpractice**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

**C. Administrative Agency Review**
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**E. General Civil (Other)** OR **F. Pro Se General Civil**

Real Property
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

Personal Property
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

Bankruptcy
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

Prisoner Petitions
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

Property Rights
- 820 Copyrights
- 830 Patent
- 840 Trademark

Federal Tax Suits
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

Other Statutes
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

6

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 8,000,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 2/22/08   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.