### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA


**JEFFERY J. DORMU**                                   :
1210 Crittenden Street,NW                               :
Washington, DC  20011                                   :
                                                        :
                                                        :
        Plaintiff,                                      :
                                                        :
        v.                                              :
                                                        :
**DISTRICT OF COLUMBIA,**                               :
a Municipal Corporation                                 :
1350 Pennsylvania Avenue, NW                            :
Washington, DC 20004                                    :
                                                        :
*Serve:*                                                :
Peter Nickles, Interim Attorney General                 :
c/o Darlene Fields, Gale Rivers, or Tonia               :
Robinson                                                :
Office of the Attorney General for the                  :
District of Columbia                                    :
441 4th Street, NW                                      :
6th Floor South                                         :
Washington, DC 20001                                    :
                                                        :                                    :
and                                                     :
                                                        :
Mayor Adrian Fenty                                      :
c/o Erica Easter, Tabatha Braxton, or                   :
Arlethia Thompson                                       :
John A. Wilson Building                                 :
Suite 419                                               :
1350 Pennsylvania Ave. NW                               :
Washington, DC 20004                                    :
                                                        :
and                                                     :
                                                        :
**SCOTT S. PINTO**                                      :
c/o Metropolitan Police Dept.                           :
6001 Georgia Ave., NW                                   :
Washington, DC 20011                                    :
                                                        :

and                                             :
                                                :
**MAURICE C. CLIFFORD**                          :
c/o Metropolitan Police Dept                    :
6001 Georgia Ave., NW                           :
Washington, DC 20011                            :
                                                :
 And                                            :
                                                :
**JEFFERY P. JANCZYK**                           :
c/o Metropolitan Police Dept                    :
6001 Georgia Ave., NW                           :
Washington, DC 20011                            :
                                                :
and                                             :
                                                :
**Officer KYLE**                                 :
c/o Metropolitan Police Dept                    :
6001 Georgia Ave., NW                           :
Washington, DC 20011                            :
                                                :
         Defendants.                            :
_____       :

## COMPLAINT

(*Assault and Battery; False Arrest; False Imprisonment; Excessive Force;*
*Malicious Prosecution; Abuse of Process;*
*Intentional Infliction of Emotional Distress; Negligence; Negligent Supervision, Hiring and*
*Training; Violations of 42 USC 1983)*

1.      This Court has jurisdiction of this case, in accordance with 42 USC 1983 and  by

virtue of  28 U.SC. 1367, supplemental jurisdiction.

2.       All acts relevant to the complaint occurred in the District of Columbia.

3.      At all times relevant to this complaint, defendant, District of Columbia, is a

municipal corporation that operates the District of Columbia Metropolitan Police Department

["MPD"].

4. At all times relevant to this complaint, defendants Pinto, Clifford, Janczyk, and Kyle have been agents of defendant, District of Columbia, employed by as MPD police officers.

5. On or about February 23, 2007, plaintiff, an Afro-American male, was lawfully seated in his automobile, which was parked in front of his family's house at 1210 Crittenden Street, NW in the District of Columbia. At the above time and place, defendants Officers Pinto, Clifford, Janczyk, and Kyle and/or other police officers, acting under color of law within their scope of employment as officers of the MPD, approached the vehicle, and did without reasonable provocation, insult plaintiff with inflammatory and offensive racial insults, threaten him, arrest him, handcuff him, engage in the use of excessive force directed towards him, take him into custody, bring criminal charges against him, require him to post collateral; and thereafter actively pursue criminal charges against him, requiring him to stand trial in order to clear his good name and avoid incarceration or other sanctions.

6. Defendants Pinto, Janczyk, Clifford and Kyle lacked probable cause, articulable suspicion of a crime, or any other legitimate basis for an arrest of the plaintiff, and failed to act in good faith in connection with their actions directed to and concerning the plaintiff.

7. Defendant, District of Columbia, is liable for the aforementioned acts of its employees under the theory of respondeat superior.

Count I

(Assault and battery)

8. Plaintiff incorporates by reference the allegations set out above.

9.  In committing the acts noted above, some or all of the police officers referenced above committed unjustified, unprovoked and intentional assaults and batteries on the plaintiff, in

3

connection with detaining him, handcuffing him and otherwise  engaging in offensive contact of

the plaintiff. Defendants performed these acts with malice and in bad faith.

### Count II

### (False Arrest)

10. Plaintiff incorporates by reference the allegations set out above.

11. In committing the acts noted above, some or all of the police officers referenced

above falsely arrested plaintiff and deprived him of his liberty, although probable cause or other

proper justification for the arrest was lacking.

### Count III

### (False Imprisonment)

12. Plaintiff incorporates by reference the allegations set out above

13.  In committing the acts noted above, defendants detained and falsely imprisoned

plaintiff both at the scene of his arrest, and thereafter in transporting plaintiff to the police station

and then locking him up for several hours, thereby depriving him of his liberty without

justification. Defendants performed these intentional acts with malice and in bad faith.

### Count IV

### (Excessive Force)

14. Plaintiff incorporates by reference the allegations set out above.

15. In arresting and taking plaintiff into custody, particularly in connection with the

handcuffing of plaintiff, the defendant police officers exercised excessive force, such that the

plaintiff sustained injury that required surgery and that continues and will continue unto the

future to harm and injure the plaintiff. Defendants performed these acts with malice and in bad faith.

## Count V

### (Malicious Prosecution)

16. Plaintiff incorporates by reference the allegations set out above.

17. As a direct result of the acts described above, and other willful actions of the defendants, criminal charges were brought against plaintiff in the Superior Court of the District of Columbia. Plaintiff therefore stood trial, eventually being found not guilty of all charges. In initiating and maintaining criminal proceedings against plaintiff, including testifying against plaintiff, notwithstanding lack of probable cause, with malice, in bad faith, and in light of the termination of said proceedings in favor of plaintiff, defendants engaged in the malicious prosecution of plaintiff.

## Count VI

### (Abuse of Process)

18. Plaintiff incorporates by reference the allegations set out above.

19. In making unwarranted use of process in the continuance of criminal proceedings against plaintiff, with improper motive and/or purpose, and causing damages to plaintiff, defendant engaged in abuse of process against plaintiff.

## Count VII

### (Intentional infliction of emotional distress)

20. Plaintiff incorporates by reference the allegations set out above.

21. In committed the acts noted above, the defendants Pinto, Janczyk, Clifford and Kyle and/or other police officers employed by MPD, recklessly and/or intentionally, and with extreme and outrageous conduct, inflicted emotional distress on plaintiff.

## Count VIII

(Negligence)

22. Plaintiff incorporates by reference the allegations set out above.

23. Pleading in the alternative, plaintiff alleges that the actions of defendants Pinto, Janczyk, Clifford and Kyle and/or other police officers employed by the MPD were performed negligently, not in accordance with the appropriate standard of care, all of which resulted in injury to the plaintiff. This includes, but is not limited to, the negligent arrest of plaintiff, the negligent taking him into custody, the negligent application of handcuffs and other negligent acts, all of which resulted in injury the plaintiff.

## Count IX

(Negligent Hiring, Retention and supervision)

24. Plaintiff incorporates by reference the allegations set out above.

25. Defendant District of Columbia, hired and /or retained officers Pinto, Janczyk, Clifford and Kyle and/or other police officers employed by MPD, despite actual and/or constructive knowledge of incompetence or other behavior posing an unreasonable threat to members of the public. In light of said negligent hiring, retention and/or supervision, plaintiff suffered harm.

## Count X

(Civil Rights Violations; 42 USC 1983)

26. Plaintiff incorporates by reference the allegations set out above.

27. Defendants Pinto, Janczyk, Clifford and Kyle, acting under color of law, falsely arrested plaintiff, utilized excessive force in arresting and otherwise dealing with plaintiff, and otherwise deprived him of his rights, privileges and immunities guaranteed to him as a citizen of the United States of America in violation of 42 USC 1983 and deprived the plaintiff of the rights guaranteed to him by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution

**WHEREFORE**, plaintiff Jeffery J. Dormu demands judgment against defendants, jointly and severally, in the amount of five million dollars ($5,000,000.00), compensatory damages, plus interest, attorneys fees under 42 U.S.C. 1988 and costs; and the amount of three million dollars ($3,000,000.00) punitive damages against defendants, jointly and severally, plus interest, attorneys fees under 42 U.S.C. 1988 and costs.

Respectfully submitted,

_____
Kenneth M. Trombly, #199547
1050 17th Street, N.W., Suite 1250
Washington, D. C.  20036
kmt@schulttrombly.com
(202) 887-5000

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

_____
Kenneth M. Trombly