## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEFFERY DORMU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civ. Action No: 08-00309(HHK)** |
| ) | |
| ) | |
| **DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| **Defendants** ) | |
| _____ ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia (hereafter "the District"), by and through counsel,

answers the Complaint herein as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, defendant

District responds in like-numbered paragraphs as follows:

1.      The allegations in paragraph 1 are the legal conclusions of the pleader to which

no response is required.

2.      The District denies that the incident(s) occurred as alleged in the Complaint, and

therefore deny the allegations in paragraph 2.

3.      The District admits that it is a municipality and that the D.C. Metropolitan Police

Department is an agency within the District government.

4.      The District admits that defendants Pinto, Clifford, Kyle and Janczyck are officers

of the D.C. Metropolitan Police Department.

5.      Denied.

6.      Denied.

7.      The allegations in this paragraph are a legal conclusion to which no response is

needed.

## COUNT I-ASSAULT AND BATTERY

8.      The District incorporates its responses to paragraphs 1 through 7 as if separately

set forth herein.

9.      Denied

## COUNT II-FALSE ARREST

10.     The District incorporates its responses to paragraphs 1 through 9 as if separately

set forth herein.

11.     The allegations in this paragraph are legal conclusions to which no response is

needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT III-FALSE IMPRISONMENT

12.     The District incorporates its responses to paragraphs 1 through 11 as if separately

set forth herein.

13.     The allegations in this paragraph are legal conclusions to which no response is

needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT IV-EXCESSIVE FORCE

14.     The District incorporates its responses to paragraphs 1 through 13 as if separately set forth herein.

15.     The allegations in this paragraph are legal conclusions to which no response is needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT V- MALICIOUS PROSECUTION

16.     The District incorporates its responses to paragraphs 1 through 15 as if separately set forth herein.

17.     The District admits that Plaintiff was found not guilty of criminal charges stemming from his arrest.  The remainder of the allegations in paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT VI-ABUSE OF PROCESS

18.     The District incorporates its responses to paragraphs 1 through 17 as if separately set forth herein.

19.     The allegations in paragraph 19 are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## COUNT VII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20.     The District incorporates its responses to paragraphs 1 through 19 as if separately set forth herein.

21.    The allegations in this paragraph are legal conclusions to which no response is

needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT VIII-NEGLIGENCE

22.    The District incorporates its responses to paragraphs 1 through 21 as if separately

set forth herein.

23.    The allegations in paragraph 23 are the legal conclusions of the pleader to which

no response is required.  To the extent a response is required, the allegations in this paragraph

are denied.

## COUNT IX-NEGLIGENT HIRING

24.    The defendant incorporates its responses to paragraphs 1 through 23 as if

separately set forth herein.

25.    The allegations in this paragraph are legal conclusions to which no response is

needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT X-CIVIL RIGHTS VIOLATIONS; 42 U.S.C. 1983)

26.    The defendant incorporates its responses to paragraphs 1 through 25 as if

separately set forth herein.

27.    The allegations in this paragraph are legal conclusions to which no response is

needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

Further answering, the District denies all allegations not specifically admitted herein or

otherwise responded to.

4

### Third Defense

Plaintiff's claims do not rise to the level of a constitutional violation against these

defendants.

### Fourth Defense

Plaintiff cannot establish that any District custom, policy and/or practice was the moving

force behind his alleged constitutional injuries.

### Fifth Defense

The District denies all allegations of wrongdoing, including but not limited to violations

of common law, statutory and operational standards, negligence, deliberate indifference, and

unconstitutional policy or custom.

### Sixth Defense

The District cannot be held liable for any alleged constitutional misconduct by its

employees under a theory of *respondeat superior* liability.

### Seventh Defense

If plaintiff was injured or damaged as alleged, such injuries were the result of his own

intentional, illegal or otherwise wrongful conduct.

### Eighth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C.

Official Code Section 12-309 (1981).

### Ninth Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages

were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Tenth Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the defendant, its employees, agents and servants acting within the scope of their employment.

### Eleventh Defense

If plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than defendant, its agents, employees or servants acting within the scope of employment.

### Twelfth Defense

Plaintiff may have failed to mitigate his damages.

### Thirteenth Defense

The action may be barred by the statute of limitations, and/or laches.

### Fourteenth Defense

The action may be barred by issue or claim preclusion, or not yet have accrued.

### Set-off

Defendant District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff, including medical care.

**Jury Demand**

The District hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____/s/C. Vaughn Adams_____
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9840; (202) 727-6295
(202) 727-3625 (fax)
E-mail: corliss.adams@dc.gov

7