UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERY DORMU, )<br>)<br>       **Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>DISTRICT OF COLUMBIA, et al., )<br>)<br>       **Defendants** )<br>_____) | Civ. Action No: 08-00309(HHK) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT AND MOTION IN LIMINE

*Procedural history*

In this police misconduct case, defendants have filed a motion for summary judgment and a motion *in limine*, the latter of which seeks to exclude opinions of our police procedures expert, Robert Klotz. In addition to filing oppositions to these motions, on March 28, 2011 we filed an affidavit[1] ["the affidavit"] of Mr. Klotz in further response to these motions that also supplements his Rule 26(a)(2)(B) report. The affidavit, which sets out no new theories or conclusions, simply cites additional references in support of a national standard of care regarding the narrow issue of how to apply handcuffs to a person in police custody. It does not reflect any change in the opinions offered in Mr. Klotz's 26(a)(2)(B) report or any new opinions. While Mr. Klotz was never deposed, there is more than ample time for defendants to now depose him before trial, should they wish to do so.

---

[1] While we filed the affidavit in conjunction with a "supplemental memorandum", the filing was a vehicle for submitting the affidavit of Mr. Klotz for consideration by the Court.

1

Defendants have now filed a motion to strike the affidavit. As we argue below, the reasons advanced in defendants' motion to strike do not justify the extreme relief that the defendants request. Moreover, there is no prejudice to the defendants, the affidavit raises no new issues, Federal Rule of Civil Procedure 26(a)(2) envisions supplemental filings, and the allowance of the affidavit for consideration by the Court would foster a fair resolution of this case on the merits. Inasmuch as the affidavit supplements Mr. Klotz's 26(a)(2)(B) report, contemporaneously with our filing this opposition we are also filing a motion seeking leave to file the supplement to the Rule 26(a)(2)(B) report *nunc pro tunc* to March 28, 2011.

*Argument*

To put this all in context, the issue currently in dispute has to do with the application of handcuffs, and more specifically the need to double-lock them so as to avoid possible injury to an arrestee, an opinion that Mr. Klotz timely disclosed in his original 26(a)(2)(B) report. To the extent that Mr. Klotz's affidavit supplements his 26(a)(2)(B) report, such an action is envisioned by the Federal Rules of Civil Procedure, which provides at Rule 26(a)(e)(1) that "a party is under a duty to supplement at appropriate intervals its disclosures…if the party learns that in some material respect the information disclosed is incomplete...[and that this shall be done] by the time the party's [pretrial disclosures] under Rule 26(a)(3) are due." Additionally, as was similarly advanced by this defendant in the case of *Estate of Gaither v. District of Columbia*, 2008 WL 569876 (D.D.C. 2008), the supplementation of Mr. Klotz's opinions some 90 days before trial is in conformity with the spirit of Rule 26(a)(3).[2] To the extent that Mr. Klotz should have earlier provided the

---

[2] In *Estate of Gaither v. District of Columbia, supra,* the District of Columbia filed a supplement to an expert report at least 30 days before trial under Rule 26(a)(3).

references he cited in his March affidavit in accordance with the Court's scheduling order, we regret that he did not include them in his initial 26(a)(2)(B) report. At that juncture, Mr. Klotz had informed us that he was unable to devote the time to assemble the various references for what he perceived as a widely held national standard. We did not then press the matter, mistakenly assuming that the more specific basis for the opinion would be covered in a later deposition of Mr. Klotz. Inasmuch as the affidavit does not set out any change in the expert's opinion, nor any new opinion, but simply offers references upon which his previously expressed opinions are based - references that would normally be cited in a discovery deposition - there can hardly be any prejudice to the defendants as a result of permitting this very limited supplementation.

The only argument of prejudice advanced by defendants, is that "they relied on the information put forth in Mr. Klotz's 26(b)(4) report *and depositions taken of Mr. Klotz in other cases* to support their entitlement to judgment as a matter of law." Def. Memorandum, p. 4 (emphasis added). Given that neither of the defendants' pending motions cites any depositions of Mr. Klotz, the allegation of potential prejudice appears to be unfounded. If, on the other hand, defendants' counsel is referring to their trial strategy, and if defendants believe that the instant filings now justify their taking the witness's deposition before trial, then any perceived prejudice to their trial strategy can easily be cured in the coming weeks - as there is ample time to depose the witness in the some two and a half months that will precede the July 11 trial. The undersigned can make Mr. Klotz available for deposition at a mutually agreeable time.[3] Given the longstanding judicial preference for cases to be resolved

---

[3] If the Court concludes that defendant is prejudiced by having to take the belated deposition of this expert, then we respectfully offer that the cost of his deposition would be borne by the plaintiff.

3

on their merits, *Strong-Fisher v LaHood*, 611 F. Supp.2d 49, 51 (D.D.C. 2009), it would be consistent with these goals if the affidavit were permitted to stand, and were available for consideration by the Court in deciding these crucial motions.

The one case cited by defendants in their supporting memorandum involves a situation quite unlike the case at bar. In *DL v. District of Columbia*, 450 F. Supp.2d 11 (D.D.C. 2006) the District of Columbia sought to file a supplement to a reply memorandum but was not permitted to do so, in a situation readily distinguishable from this case. First, the *DL* case turned on the lack of a provision for filing such a pleading under local Rule 7(d), as opposed to a supplementation of the opinions and grounds of an expert. Second, the District Court in *DL* noted that "Defendants' Supplemental Reply also contains an argument made for the first time in defendants' Reply [and that] Defendants should have raised this argument [earlier] rather than waiting to raise it in their Reply." *Id* at fn. 6, an issue that is not present here. Third, the respective equities of the parties' positions are considerably different when the proponent of the pleading under attack by a motion to strike is in jeopardy of having all or part of his case dismissed, which was not the case in *DL, supra*.

The instant issue before the Court is more similar to the situation in *Estate of Gaither v District of Columbia, supra,* where defendant District of Columbia was then permitted to supplement a late filed expert's Rule 26 (a)(2)(B) report, given that "the elongated time frame presented by the current pretrial schedule will provide…sufficient time to process and respond to [the] supplemental report." *Id* at p. 2. Similarly, the July 11 trial date offers more than ample time for a deposition of Mr. Klotz. Moreover, unlike the District's expert in *Gaither, supra*, who was going to offer *additional* opinions not previously articulated, including addressing the standard of care for the first time, we are merely supplementing a

4

previously articulated opinion with references to a standard of care that our expert has already expressed.

In contrast to the defendants' lack of prejudice if Mr. Klotz is permitted to more fully explain his opinion and cite additional sources for it, plaintiff will be significantly prejudiced if his expert is either stricken or otherwise limited in his testimony. In weighing the respective prejudice to either party, the fact that plaintiff would be unduly prejudiced in fully presenting his case should favor admission of the evidence. As noted by the Supreme Court in *Swierkiewicz v. Sorema N.A.*, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." 534 U.S. at 514, 122 S. Ct. at 998-99 (quoting *Conley v. Gibson*, 355 U.S 41, 48, 78 S. Ct. 99, 103, 2 L.Ed.2d 80 (1957) cited in *Ciralsky v. Central Intelligence Agency*, 355 F.3d 661, 674 (D.C. App. 2004).

For the foregoing reasons, we respectfully request that the Court deny defendants' motion to strike.

Respectfully submitted,

Kenneth M. Trombly, #199547
1050 17th Street, NW, Ste. 1250
Washington, DC 20036
kmt@schultztrombly.com
(202) 887-5000
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Supplemental Opposition to Their Motion for Summary Judgment and Motion in Limine and proposed order were mailed, first-class mail, postage prepaid, this _26_ day of _April_, 2011, to:

Michael Lanzdorf
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001

_____
Kenneth M. Trombly

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERY DORMU, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. Action No: 08-00309(HHK) ) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) |
| Defendants | ) ) |

## ORDER

Defendant, having filed a Motion To Strike Plaintiff's Supplemental Opposition To Their Motion For Summary Judgment And Motion *In Limine*, opposition thereto having been filed, and it appearing that good cause is lacking for granting the motion, it is this ____ day of _____, 2011,

**ORDERED**, that defendant's Motion To Strike Plaintiff's Supplemental Opposition To Their Motion For Summary Judgment And Motion *In Limine*, be and hereby is **DENIED**.

_____
JUDGE HENRY H. KENNEDY, JR.

Copies to:

Michael Lanzdorf
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
*Attorney for Defendant*

Kenneth M. Trombly
1050 17th Street, N.W.
Suite 1250
Washington, D.C. 20036
*Attorney for Plaintiff*